[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant Edward Hebden Jr. ("Mr. Hebden") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendant-appellee Joan Hebden. ("Mrs. Hebden")
On March 21, 1998, Mr. Hebden was a passenger in a car driven by Mrs. Hebden. Mrs. Hebden lost control of the vehicle and a collision resulted. Mr. Hebden was seriously injured in the accident, with resulting hospital bills totaling approximately $350,000.00. Under the liability portion of Mrs. Hebden's automobile policy, Cincinnati Insurance Co. ("CIC"), Mrs. Hebden's carrier, paid Mr. Hebden the policy limit of $100,000.00 for his injuries. Mr. Hebden then filed suit to recover additional damages under either the underinsured motorists policy or the umbrella policy. On March 3, 2000, Mr. Hebden filed a motion for summary judgment. On March 31, 2000, CIC, on behalf of Mrs. Hebden, filed for summary judgment. The trial court denied Mr. Hebden's motion for summary judgment and granted summary judgment to Mrs. Hebden on July 5, 2000. It is from this judgment that Mr. Hebden appeals.
Mr. Hebden raises the following assignments of error.
 Since [Mr. Hebden] is attempting to recover damages from [Mrs. Hebden] who is insured for liability, and not attempting to recover for personal injuries to an insured, the trial court erred in finding for the insurer.
 As the clause providing for rejection of underinsured coverage is ambiguous, the trial court erred in finding no underinsurance up to the limits of the umbrella coverage.
Mr. Hebden argues in the first assignment of error that the insurance company should not treat him as an insured attempting to collect for personal injury, but as a claimant trying to recover from Mrs. Hebden for her negligence. If Mr. Hebden is treated as a claimant, he would be entitled to collect damages from Mrs. Hebden, and she would be entitled to indemnification under the umbrella policy for her liability. However, the policy provides as follows:
 PART IV WHAT IS NOT COVERED EXCLUSIONS You are not covered for any occurrence outside the endorsement period. Nor are the following covered:
* * *
14. We will not cover personal injury to any insured.
 Umbrella Policy, 3. Here, Mr. Hebden does not dispute that he is an insured under this policy. Since he is an insured, the policy does not provide liability coverage for his injuries. Thus, the first assignment of error is overruled.
In the second assignment of error, Mr. Hebden argues that he did not reject the underinsured coverage of the umbrella. The application for the umbrella policy states that Mr. Hebden does not wish to buy the optional uninsured/underinsured motorists coverage. This additional coverage is further refused in the application for excess uninsured/underinsured motorist coverage, which states in pertinent part:
 Excess Uninsured/Underinsured Motorists coverage is available under any Umbrella or Excess Liability Policy unless you decide to reject this coverage.
 This form allows you a variety of options. Keep in mind that you must maintain full primary Uninsured/Underinsured Motorists coverage equal to your Automobile Liability limits as scheduled on the declarations of this policy or endorsement.
* * *
 Please indicate your instructions by checking the appropriate box below.
 1. I reject Excess Uninsured/Underinsured Motorists coverage under this policy.
This application refusing the uninsured/underinsured coverage of the umbrellas policy was signed by both Mr. and Mrs. Hebden. Based upon the language of this application, it is clear that Mr. and Mrs. Hebden both rejected the uninsured/underinsured coverage offered by the umbrella policy. The language of the policy is not ambiguous and the second assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
SHAW and WALTERS, JJ., concur.